Dr. JOSEPH MAULL *vs.* Z. P. WILSON, WILLIAM WILSON and J. S. DUTTON.

An action on the case lies for carelessly carrying fire, whereby plaintiff's stack-yard was destroyed; but not for an *accidental* burning; nor for a *wilful* burning.

ACTION on the case for carelessly burning plaintiff's straw and fodder.

The defendants were going to the bay for fish, and called at plaintiff's farm-house about *two* o'clock in the morning of the 13th of October, and asked for fire. The tenant gave them a brand; and, it being windy, and as the road passed near the stack-yard where there was a large quantity of hay and fodder, he cautioned them to be careful of the sparks. One of them replied, jestingly, that if he was so uneasy about the fire, he would put it in his pocket. They rode off, carrying the brand on horseback; and that night the hay and fodder, valued at $245 00, were destroyed by fire.

*Wootten* and *Rogers,* for plaintiff, contended, that the carrying a fire brand on horseback near a stack-yard on a windy night, was itself such negligence as would make the defendants liable; and that the burning of this hay under such circumstances, it having been discovered to be on fire shortly after they passed, was sufficient evidence that the fire originated from this cause.

*Ridgely,* contra, insisted that there was not satisfactory evidence that defendants burnt the hay, much less that it arose from negligence. That they were travelling a public road, and took all the care of their fire they could; that they were not liable for mere accident even if the fire was communicated by them; and that they were not liable in this form of action, either for a wilful or a *direct* burning, which would be a *trespass.*

*The Court* charged the jury—

1st. That if the fire were wilfully and *directly* thrown on the hay, this action could not be sustained.

2d. That if the fire arose from *mere* accident without any negligence on the part of defendants, they were not liable.

3d. That if the fire fell on or was communicated to the hay, not merely by accident, but by the *carelessness* and *negligence* of defendants, they were answerable in this action in damages to the full value of the property destroyed.

The jury must be satisfied that the fire originated from the defendants. Presumptive or circumstantial evidence of this would be sufficient if it was so strong as to satisfy the mind of the fact. The plaintiff was bound to make such circumstances out in proof; and, additionally, to show that the defendants were guilty of carelessness or negligence in the use of their fire, so as to occasion the burning.

Verdict for defendants.

*Wootten* and *Rogers*, for plaintiff.
**C. G.** *Ridgely*, for defendants.